UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES ARSI 2006-M3,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD D. PUNKO, and UNITED STATES OF AMERICA,<br><br>    Defendants. | Civil Action No. 18-cv-10640-ADB |

## MEMORANDUM AND ORDER MOTION FOR A DEFAULT JUDGMENT

BURROUGHS, D.J.

Plaintiff initiated this interpleader action to determine the appropriate disposition of surplus funds resulting from a foreclosure sale of Defendant Richard D. Punko's property in Cambridge, Massachusetts. Following the entry of a default against Defendant Punko for failing to appear or otherwise defend in the action [ECF No. 7], Plaintiff and the United States jointly move for the entry of a default judgment against Defendant Punko. [ECF No. 14]. For the reasons stated herein, the motion is GRANTED.

I.     DISCUSSION

On a motion for a default judgment, the Court considers "all well-pleaded factual allegations as true . . . to determine whether [the complaint] alleges a cause of action." Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002). Plaintiff was the holder of a first mortgage on the property of Defendant Punko. [ECF No. 6 at 6]. On or about August 25, 2017, Plaintiff foreclosed on that property, and after crediting itself with the proper charges,

expenses, and payments of the balance due from Defendant Punko, Plaintiff was left with $198,720.39 of surplus funds in which it has no legal interest. Id. at 6−7; [ECF No. 1-3 at 37−38]. On December 15, 2017, Plaintiff initiated an interpleader action in the Middlesex County Superior Court seeking to pay the surplus into that court to be distributed to those entities that are entitled to the funds. [ECF No. 6 at 7]. Plaintiff identified the only potential claimants to be Defendant Punko, as the former holder of the equity of redemption, and the United States, as the holder of a federal income tax lien on the property. Id. The United States filed a notice of federal tax lien with the Southern Middlesex County Registry of Deeds on April 4, 2014 for the unpaid federal income tax liabilities for tax years 2007, 2008, 2009, 2010, 2011, and 2012. Id. at 3; [ECF No. 14 at ¶ 8]; [ECF No. 1-3 at 40–41] (notice of federal tax lien).

On February 20, 2018, Defendant Punko was properly served the summons and complaint in accordance with the Federal and Massachusetts Rules of Civil Procedure. [ECF No. 7-1 ¶ 4]; [ECF No. 6 at 16−17]. On April 3, 2018, the United States removed the action to this Court and sent Defendant Punko notice of the removal by first class mail. [ECF No. 1]; [ECF No. 7-1 ¶ 4]. As of this date, Defendant has not filed any responsive pleading or otherwise appeared in this action. [ECF No. 7-1 ¶¶ 4−6]. On May 15, 2018, upon Plaintiff's request [ECF No. 7], the Clerk of the Court entered a default against Defendant Punko. [ECF No. 9]. A copy of the entry of default was mailed to Defendant Punko on May 15, 2018. [ECF No. 11]. On May 22, 2018, Plaintiff and the United States jointly moved for the entry of a default judgment. [ECF No. 14]. Defendant Punko has not responded to the default judgment motion.

    A.    **Interpleader**

The facts of this case provide an appropriate basis for an interpleader action. Plaintiff, the stakeholder, asserts no entitlement to the stake, and the claims of Defendant Punko as the former

property owner, and the United States as a lienholder claiming it is owed more than the total amount of the surplus, are adverse to one another. See Hudson Sav. Bank v. Austin, 479 F.3d 102, 107 (1st Cir. 2007) ("classic interpleader action" where "(i) the [bank], a pure stakeholder, has not asserted any entitlement to the stake and is seeking nothing beyond a discharge from further liability; (ii) no private party has asserted any claim of entitlement to the stake (the only non-governmental defendant . . . has manifested total indifference to the outcome of the interpleader action); and (iii) the sum of the [government's claim] exceeds the dollar value of the stake"); Fed. Nat'l. Mortg. Ass'n v. Ledgewood Hills Condo. Ass'n, No. 10-CV-412-LM, 2011 WL 676098, at *1 (D.N.H. Feb. 15, 2011) (removal of interpleader action filed by mortgagee regarding surplus funds following foreclosure sale where United States, the former property owner, and private creditor were named as defendants).

The United States also properly removed the interpleader action from state court. "Under [28 U.S.C. § 2410], the United States consents to be sued in a State's courts in certain civil actions, including interpleader, on the condition that, under [28 U.S.C. § 1444], it may remove such an action to the federal district court. In other words, the United States waives its immunity from suit in the state court but retains the right, in a given case, to choose to litigate the issue in the federal court instead." GMAC Mortg. Corp. v. Bayko, No. CIV.A. 04-12448-GAO, 2005 WL 677826, at *1 (D. Mass. Mar. 24, 2005); see S. Adams Sav. Bank v. Martel, 540 F. Supp. 2d 265, 268 (D. Mass. 2008) (in action removed by the IRS, "Section 2410 . . . creates jurisdiction in the district court of the subject matter 'of interpleader or in the nature of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien'" (quoting 28 U.S.C. § 2410(a)(5))); Fleet Nat'l Bank v. Kaplan, No. 02-cv-11175-RWZ, 2002 WL 31934187, at *1 (D. Mass. Oct. 11, 2002) (federal government removed interpleader action

over surplus funds "as is the federal government's right under [§§ 1444 and 2410]"). Here, the United States and Defendant Punko are the only claimants and both were named as defendants in the state court action. Therefore, the removal of the action by the United States was appropriate.

### B. Default Judgment

In support of the motion for a default judgment, the United States submitted a declaration of its attorney to confirm that Defendant Punko is not a minor or an incompetent person and does not come within the purview of the Servicemembers Civil Relief Act. [ECF No. 14-1]. Further, the United States filed a declaration of an IRS advisor who reviewed the tax records related to Defendant Punko to determine the balance owed to the IRS. [ECF No. 14-2]. The affidavit shows the assessments made against Defendant Punko for the tax years 2007, 2008, 2009, 2010, 2011, 2012, and 2015, as well as the total balance due as to each assessment. Id. ¶ 2. As of May 10, 2018, Defendant Punko is liable to the United States in the amount of $365,422.61, which exceeds the total amount of the surplus funds. Id. ¶ 3. Because Defendant Punko has failed to appear or defend in this action, there is no basis to conclude he has any right to the surplus funds in light of the properly noticed federal income tax lien on the property.

For the foregoing reasons, Court hereby orders that Defendant Richard D. Punko shall not be entitled to any part of the $198,720.39 in surplus funds that Plaintiff is holding and that resulted from the foreclosure sale of Defendant Punko's property. The Court further orders that the $198,720.39, plus all accrued interest, shall be distributed to Defendant United States of America, in partial satisfaction of Defendant Punko's federal income tax liability.

**SO ORDERED.**

June 6, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE